FILED
JUL 0 5 2005

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 04-30068 |
| Plaintiff, | |
| | ORDER AND OPINION |
| -vs- | |
| JAMES ALLEN GREGG, | |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendant has served and filed a motion (Doc. 142) for an order authorizing the questioning of, receiving testimony from, and designating certain treating doctors of Gregg as experts pursuant to Fed.R.Evid. 614 and 706. The same motion requests an extension of time in which Gregg may file his sentencing memorandum and memorandum in support of his motion for a new trial. That extension would last until 14 days after Gregg had been given "access" to his treating doctors, Drs. Furois and Shannon. The request for an extension has already been ruled upon by the court and has been denied.

The court has previously supplied a memorandum (Doc. 145) to counsel. The government has served and filed its response (Doc. 146) to the Gregg motion. The parties have been unable to resolve the problem of knowing in advance what the doctors' testimony will be. The court will not order the witnesses (both full time doctors employed by the Veterans' Administration) to speak with defense counsel prior to the sentence hearing. Nor will the court appoint the two medical doctors pursuant to Fed.R.Evid. 614 or 706. The court has already acted pursuant to 18 U.S.C. § 3352 to send Gregg for examination and testing. He is presently at the federal medical facility in Springfield, MO.

The court does not interpret 5 C.F.R. §2635.805 as permitting the executive branch of government to tell the court who will testify, who will present records, and who will obey a subpoena. Court proceedings will not be conducted based upon what is in the "interest of the

government", especially when that decision is claimed to be made by some government employee in a criminal case being prosecuted by the government. Nor will this court be instructed by some claimed agency ethics official (or any other employee of the executive branch of our government) as to the rules of evidence, who will testify, and who will not testify. The government and government officials would act at their peril if they attempt to interfere with the orderly process of this court in sentencing a convicted defendant in a criminal case.

The attorneys for the defendant are entitled to cause subpoenas and subpoenas duces tecum to be served as required in the proper representation of their client.

Now, therefore,

IT IS ORDERED that the motion (Doc. 142) is denied.

Dated this 5th day of July, 2005.

BY THE COURT:

Charles B. Kornmann
CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
                DEPUTY
        (SEAL)

2