```
                                                                    FILED
              UNITED STATES DISTRICT COURT              JUL 0 7 2005
                 DISTRICT OF SOUTH DAKOTA
                      CENTRAL DIVISION
```
****************************************************************************

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR 04-30068 |
|  | * | **2005 D.S.D. 12** |
| Plaintiff, | * |  |
|  | * | ORDER AND OPINION |
| -vs- | * | DENYING MOTION FOR NEW TRIAL |
|  | * |  |
| JAMES ALLEN GREGG, | * |  |
|  | * |  |
| Defendant. | * |  |
|  | * |  |

****************************************************************************

### KORNMANN, U.S. DISTRICT JUDGE

[¶1]    Defendant ("Gregg") was charged in the indictment with two counts, one for first degree murder and the second of using a firearm during a crime of violence. As will later appear, he was convicted of two counts. He filed a motion (Doc. 109) on February 1, 2005, seeking a new trial pursuant to Fed. R. Crim. P. 33. Rule 33 authorizes the Court, upon the defendant's motion, to "vacate any judgment and grant a new trial if the interest of justice so requires." He also requested leave to supplement the motion with a brief in support of the motion and perhaps with other supporting documentation. A period of two weeks in which to supplement was requested. Nothing further was timely filed by either party as to the motion. The court assumed that Gregg (with new attorneys on board) made the decision to sail his ship in another direction, namely seeking to dismiss the indictment; that motion was later filed and is pending.

[¶2]    On April 29, 2005, Gregg served and filed a tardy motion (Doc. 142) to extend the time for Gregg to file his sentencing memorandum and memorandum in support of his motion for a new trial. Gregg has already filed voluminous documents as to the sentence hearing. Gregg has requested the extension until 14 days after Gregg has been given "access" to two doctors employed by the Veterans Administration. Gregg was treated by these doctors before the jury trial was conducted. These doctors have no connection with the pending motion for a new trial. No notice of insanity has been filed at any time and the defendant disclaimed at trial any claim of

lack of mental capacity. He relied solely on a claim of self defense and the jury found that the government proved at trial beyond a reasonable doubt that Gregg did not act in self defense. For all these reasons, the tardy motion for an extension of time should be denied.

[¶3] The motion involves a complaint that the court *sua sponte* instructed the jury on the lesser included offense of second degree murder (to the charge of first degree murder as charged in the indictment in Count I). Gregg objected during the settlement of jury instructions to any lesser included offense instruction to the jury. The government, when questioned by the court on the record, then orally requested such an instruction as to Count I. The jury acquitted Gregg of the indicted offense of first degree murder, convicted him of the second degree murder offense, and convicted him of the charge of using a firearm in connection with a crime of violence.

## I. Count II Jury Instruction.

[¶4] Gregg contends that the court constructively amended Count II of the indictment by improperly instructing the jury on that count. Count II charged that Gregg, "during and in relation to a crime of violence for which he could be prosecuted in a court of the United States, that is, murder in the first degree . . . did carry, use and discharge a firearm."

[¶5] The jury was instructed that:

> The crime of using a firearm in a crime of violence, as charged in Count II of the indictment, has two essential elements, which are:
> 1. That on or about the 4th day of July, 2004, the defendant committed the crime of murder in the first degree or murder in the second degree; and
> 2. That the defendant knowingly discharged a firearm in furtherance of that crime.
> If all of these essential elements have been proved beyond a reasonable doubt as to the defendant, then you must find the defendant guilty of the crime charged in Count II. Otherwise, you must find the defendant not guilty of this crime.

The court's language as to second degree murder is, in part, the subject of Gregg's motion for a new trial.

[¶6] 18 U.S.C. § 924(c) punishes "any person who, during and in relation to any crime of violence . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm." The essential elements of the crime of using a firearm in a crime of violence in violation of 18 U.S.C. § 924(c) are that "the defendant committed a felony and that he used a firearm during the commission of that felony, as well as the essential facts underlying the

charge." United States v. Mills, 835 F.2d 1262, 1264 (8th Cir. 1987). The essential facts underlying the charge were that Gregg unlawfully used a firearm to cause the death of the victim. As to Count Two, there was no requirement for the government to allege in the indictment or prove at trial the exact manner by which the death was caused. "Allegations not essential to prove the crime for which the defendant is charged are mere surplusage and need not be proved or embodied in the instructions to the jury." United States v. Brown, 604 F.2d 557, 560 (8th Cir. 1979).

[¶7]   It is not necessary that Gregg have been *convicted* of the underlying crime of violence, "but merely that he be found beyond a reasonable doubt to have *committed* such a crime while using or carrying a firearm." Price v. United States, 537 U.S. 1152, ___, 123 S.Ct. 986, 989, 154 L.Ed.2d 888 (2003) (emphasis in original) (petitioner in that case was convicted of the lesser included offense of simple possession and of the § 924(c) charge).

> Moreover, a conviction under § 924(c) does not require a conviction on the crime of violence as a predicate offense. A valid § 924(c) conviction "requires only that the defendant have committed a violent crime *for which he may be prosecuted* in federal court. It does not even require that the crime be charged; *a fortiori*, it does not require that he be convicted."

United States v. Haywood, 363 F.3d 200, 211 (3rd Cir. 2004) (emphasis in original) (*quoting* United States v. Smith, 182 F.3d 452, 457 (6th Cir. 1999)). *Accord* United States v. Carter, 300 F.3d 415, 425 (4th Cir. 2002); United States v. Ramos-Rodriguez, 136 F.3d 465, 467 (5th Cir. 1998); United States v. Hunter, 887 F.2d 1001, 1003 (9th Cir. 1989) *cited with approval in* Myers v. United States, 993 F.2d 171, 172 (8th Cir. 1993).

[¶8]   The jury was properly instructed that it had to find that Gregg committed either first degree murder or its lesser included offense, second degree murder, in order to convict Gregg on the firearms count. Both first degree murder and second degree murder are felonies and crimes of violence for which Gregg could be prosecuted and was prosecuted in federal court.

[¶9]   Gregg has no basis for a new trial as discussed above.

**II. Count I Lesser Included Offense Instruction.**

[¶10]   Fed. R. Crim. P. 31(c)(1) provides that "A defendant may be found guilty of . . . an offense necessarily included in the offense charged." Gregg was convicted of the lesser included

offense. He contends in his motion for a new trial that the jury was improperly instructed on the lesser included offense because the facts at trial did not support such an instruction. Clearly, this claim has no merit. The evidence of his guilt was very strong. He also contends that his rights were violated when he was indicted on one charge and convicted on another charge.

[¶11] The government, as to the lesser included offense instruction, did not comply with D.S.D.LR 51.1. This local rule requires a party to file all proposed jury instructions "which reasonably can be anticipated in advance of trial", which identify the party submitting the proposed instruction, which specifically cite the authority or authorities upon which the instruction is based, and which are served in advance of trial on all parties. In that sense, Gregg would not have had notice that a lesser included offense instruction would be either demanded or requested by the government. On the other hand, the ultimate decision on what instructions should be given to the jury is the sole responsibility of the court. It is clear that the government could not have demanded a jury instruction that it had not proposed with proper notice to the defendant. The order of the court fixing dates also required proposed jury instructions to be served and filed before trial. The court, of course, has the inherent authority to excuse for good cause and in the interests of justice violations of local rules. Such authority, however, does not permit the court to jeopardize the constitutional right of a criminal defendant to have timely notice of the charges against him. The question thus becomes: may the court *sua sponte* decide to instruct the jury on a lesser included offense and then permit the government to "chime in" and request the instruction after having failed to make the proper request pre-trial? One of the concerns of the court was that, given an all or nothing situation on count one, the jury might well have convicted the defendant of first degree murder. The evidence was sufficient to do so. As I recall, I also questioned Gregg and his attorney as to whether they wanted an additional lesser included offense instruction, namely that of voluntary manslaughter and they declined the invitation. The government also was not requesting such instruction.

[¶12] In this circuit, "a properly requested lesser-included offense instruction should be given if 'there is some evidence which would justify conviction of the lesser offense; [and] the proof on the element or elements differentiating the two crimes is sufficiently in dispute so that the jury may consistently find the defendant innocent of the greater and guilty of the lesser included

4

offense.'" United States v. Bordeaux, 980 F.2d 534, 537 (8th Cir. 1992) (*quoting* United States v. Neiss, 684 F.2d 570, 571 (8th Cir.1982)). In this circuit, "entitlement to a lesser included offense instruction is dependent upon satisfaction of the test set forth in United States v. Thompson, 492 F.2d 359, 362 (8th Cir. 1974)." United States v. Campbell, 652 F.2d 760, 761 (8th Cir. 1981). That test is:

> (1) a proper request is made;
> (2) the elements of the lesser offense are identical to part of the elements of the greater;
> (3) there is some evidence which would justify conviction of the lesser offense;
> (4) the proof on the element or elements differentiating the two crimes is sufficiently in dispute so that the jury may consistently find the defendant innocent of the greater and guilty of the lesser included offense; and
> (5) there is mutuality, i.e., a charge may be demanded by either the prosecution or defense.

United States v. Campbell, 652 F.2d at 761-62. *Accord* United States v. Neiss, 684 F.2d 570, 571 (8th Cir. 1982); United States v. Eagle Hawk, 815 F.2d 1213, 1215 (8th Cir. 1987). The defendant is entitled to an instruction on a lesser included offense if the evidence would permit a jury rationally to find him guilty of the lesser offense and acquit him of the greater. Keeble v. United States, 412 U.S. 205, 208 (1973).

[¶13] At the end of the presentation of evidence, I found that the five requirements set forth above were satisfied by the evidence. I continue to so find. Regardless of whether one party or another requests an instruction, the court is obligated to instruct the jury on the law based upon the facts of the case.

[¶14] The uncontested evidence at trial was to the effect that Gregg, in the middle of the night, drove to a residence where the victim was, that the two argued, that the victim tried unsuccessfully to pull the defendant out of his vehicle, that Gregg then brandished a firearm and threatened the victim, that the victim made a statement about "fucking with guns", that the victim started to walk away, that the defendant began shooting at the victim (hitting him at least five times) as the victim was heading toward the house or the victim's vehicle, and that Gregg then rapidly left the scene in his vehicle. Gregg denied that he went to the residence with the intent to kill or even shoot the victim. Premeditation was very much in dispute. The jury could have

found, however, that Gregg acted with malice aforethought based upon the evidence that Gregg had been beaten by the victim and another person earlier in the evening and that Gregg had retrieved a firearm prior to driving to the victim's location. The jury could have found that Gregg acted with malice aforethought and premeditation. The jury could and did find that Gregg acted with malice aforethought but not with premeditation.

[¶15]   The D.C. Circuit has held that there is a

> traditional doctrine present in lesser included offense law, of common law and constitutional origin, that the nature of the charge in the indictment must be such as to give the defendant notice that he could at the same time face the lesser included offense charge.

United States v. Whitaker, 447 F.2d 314, 320 (D.C. Cir. 1971). The prosecutor is entitled, in the proper circumstances, to a lesser included offense charge if "the indictment charged under the statute all of the theoretical elements of [first degree murder] and thus gave notice to [the defendant] that the facts required to show [second degree murder] would be brought out at trial in proof of the charged greater offense." Id. at 321.

[¶16]   There is nothing in Rule 32 which prevents the court from giving a lesser included offense instruction *sua sponte* or at the request of the government. Gregg was on notice, both pursuant to Rule 32 and relevant case law, that second degree murder is a lesser included offense of first degree murder. First degree murder is a killing with malice aforethought and premeditation; second degree murder is a killing with malice aforethought. *See* United States v. Weise, 89 F.3d 502, 505 (8th Cir. 1996).

[¶17]   A good discussion of the applicable principles of law is found in Schmuck v. United States, 489 U.S. 705, 109 S.Ct. 1443, 103 L.Ed.2d 734 (1989). The Supreme Court adopted the "elements" test and rejected the "inherent relationship" approach. "Under this test, one offense is not 'necessarily included' in another unless the elements of the lesser offense are a subset of the elements of the charged offense. Where the lesser offense requires an element not required for the greater offense, no instruction is to be given under Rule 31(c)." Id. at 716.

> It is ancient doctrine of both the common law and of our Constitution that a defendant cannot be held to answer a charge not contained in the indictment brought against him. See *Ex parte Bain*, 121 U.S. 1, 10 (1887) . . . This stricture is based at least in part on the right of the defendant to

6

> notice of the charge brought against him . . . Were the prosecutor able to request an instruction on an offense whose elements were not charged in the indictment, this right to notice would be placed in jeopardy.

*Id.* at 717-18. The Court noted that the history and practice under Rule 31(c) are also consistent with the elements test. *Id.* at 718-19.

[¶18] The argument of Gregg in this case would, under Fed.R.Crim.P. 31(c), permit the jury to find Gregg guilty of a lesser offense where the elements of the lesser offense are a subset of the elements of the charged offense, but without any guidance from the court as to the law, the elements of the lesser offense, or the burden of proof. Such would make no sense.

### III. Closing Argument.

[¶19] Gregg contends that he is entitled to a new trial because defense counsel was precluded from arguing certain facts during closing. Gregg did not timely file a brief in support of his motion or otherwise supplement the motion to more precisely set forth his claim. The court is unable to determine that a new trial is warranted based upon rulings as to closing arguments. I believe that no error occurred and that Gregg received a fair trial.

### IV. Sufficiency of the Evidence.

[¶20] Gregg contends that there was insufficient evidence to support a conviction for either second degree murder or the firearms charge.

> The decision to grant or deny a motion for a new trial based upon the weight of the evidence is within the sound discretion of the trial court. While the district court's discretion is quite broad--"it can weigh the evidence, disbelieve witnesses, and grant a new trial even where there is substantial evidence to sustain the verdict," *White v. Pence*, 961 F.2d 776, 780 (8th Cir.1992) (quoted source and internal marks omitted)--there are limits to it. Unless the district court ultimately determines that a miscarriage of justice will occur, the jury's verdict must be allowed to stand. *See United States v. Lacey*, 219 F.3d 779, 783 (8th Cir.2000).
>
> Motions for new trials based on the weight of the evidence are generally disfavored. That being said, the district court has broader discretion to grant a new trial under Rule 33 than to grant a motion for acquittal under Rule 29, but it nonetheless must exercise the Rule 33 authority "sparingly and with caution." *See United States v. Lincoln*, 630 F.2d 1313, 1319 (8th Cir.1980); *see also* 3 Charles Alan Wright, Federal Practice and Procedure § 553, at 248 (2d ed.1982) (granting new trial under Rule 33 is unusual

> remedy that is reserved for "exceptional cases in which the evidence preponderates heavily against the verdict").

United States v. Campos, 306 F.3d 577, 579 (8th Cir. 2002). *Accord*, United States v. Crenshaw, 359 F.3d 977, 996-97 (8th Cir. 2004).

[¶21] I heard the evidence and was able to evaluate the credibility of witnesses. I determine that no "miscarriage of justice" occurred. *See* United States v. Davis, 103 F.3d 660, 668 (8th Cir. 1996). The evidence here does not preponderate against the verdict. The jury could easily have concluded from the evidence that Gregg committed the offenses of second degree murder and using a firearm during a crime of violence. The interests of justice do not require a new trial.

### V. Witness Intimidation.

[¶22] Gregg contends that he is entitled to a new trial based upon possible witness intimidation. Gregg did not timely file a brief in support of his motion or otherwise supplement the motion to more precisely set forth his claim. The court is unable, on the basis of the motion alone, to determine that a new trial is warranted based upon witness intimidation. Nothing as to claimed witness intimidation was brought to my attention during the trial.

[¶23] Now, therefore,

[¶24] IT IS ORDERED, as follows:

    1) The motion (Doc. 109) for a new trial should be and is hereby denied.

    2) The motion (Doc. 142) for an extension of time should be and is hereby denied.

[¶25] Dated this 7th day of July, 2005.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____ DEPUTY
(SEAL)