UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION


FILED
JUL 3 0 2010
CLERK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 04-30068 |
| Plaintiff, | CIV 07-3030 |
| -vs- | ORDER ON REPORT AND RECOMMENDATION AND ORDER DENYING MOTION TO VACATE |
| JAMES ALLEN GREGG | |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

James Allen Gregg filed a Motion to Vacate, Set Aside, or Correct Sentence based on 28 U.S.C. § 2255 (Doc. 225). I directed the government to file a response and the government did so. I referred the matter to a very experienced and very capable magistrate judge (Doc. 249). The parties requested an extended briefing period and the magistrate allowed that. An evidentiary hearing was conducted by the magistrate on May 12, 2009. Petitioner was present with his attorneys. The magistrate judge issued a report and recommendation (Doc. 281) on August 14, 2009. The government timely filed objections (Doc. 283) on August 17, 2009. Mr. Gregg filed a response (Doc. 286) on September 4, 2009. I have fully considered all documents filed as well as all evidence which I heard at the trial and the sentence hearing which I conducted.

I do not intend to set forth all matters which I heard at trial or at the sentence hearing. The magistrate and the parties have done an excellent job in making everything even possibly relevant a part of the record.

Proof of ineffective assistance of counsel requires a showing that: (1) the trial attorney breached a professional duty, and (2) prejudice resulted. This is the well known standard first established in Strickland v. Washington, 466 U.S. 668, 696 (1984). Prejudice can be shown only if Mr. Gregg can show that there is at least a reasonable probability that, in the absence of the claimed professional errors, the result of his trial would have been different. Id. at 694.

"[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant

makes an insufficient showing on one." Strickland, 466 U.S. at 697. I will nevertheless address both components, in the interest of judicial economy.

Although it is my belief that it is simply unfair to Mr. Gregg's trial attorney to find that he breached a professional duty in not offering the evidence of specific prior acts of violence by the victim in connection with the claim of self defense by the defendant, I will make that finding or that assumption for the purpose of deciding this case. This is despite the fact that, at the time of this trial, there was no rule in the Eighth Circuit allowing any such evidence. The law was, at best, very unsettled around the country. Mr. Gregg's trial attorney also knew how I had conducted criminal trials before the Gregg trial. It is easy to charge an attorney or anyone else, for that matter, with hindsight. Mr. Gregg's trial attorney was and is a very accomplished litigator. He did what he could in this case for his client and he did it in a professional manner. However, as I have stated, I will adopt that portion of the Report and Recommendation finding that the first prong of Strickland is met in this case.

The question then becomes: what of the second prong, i.e. prejudice?

When, in a given case, there is overwhelming evidence of guilt presented to the jury, it is virtually impossible to demonstrate prejudice. *See* Strickland, 466 U.S. at 700 ("Given the overwhelming aggravating factors, there is no reasonable probability that the omitted evidence would have changed the conclusion."). *See also* Reed v. Norris, 195 F.3d 1004, 1006 (8th Cir. 1999) ("We find it unnecessary to discuss the reasonableness of counsel's conduct because, given the overwhelming evidence of [petitioner's] guilt presented at trial, we find that it would be impossible for him to demonstrate prejudice under Strickland.").

This was not a routine trial. The courtroom was packed every day of the trial. The case was of great interest in Central South Dakota. I have acted as the trial judge in many hundreds of cases since 1995, and I have probably forgotten a large number of them. In this case, however, I am very familiar with the trial record. I listened to the evidence, hopefully as carefully as did the jury. Demonstrating prejudice resulting from the ineffective assistance would be impossible in this case. Given the nature and the extent of the incriminating evidence presented at trial, there is no reasonable probability that the result of the trial would have been different had Mr. Gregg's trial attorney been allowed to offer the evidence of the alleged pre-death violent conduct of the victim. There is, in fact, no reasonable possibility that the result would have been different.

2

The evidence in this case bears some similarity to the evidence in Mitchell v. Renico, 2006 WL 1521752 (W.D. Mich. 2006), a case which was attached to the objections (Doc. 283) of the government to the report and recommendations. "Petitioner's shooting of a victim in the back as the victim was attempting to run away could not possibly be deemed an act of self-defense by any rational jury, even if petitioner reasonably believed that Patterson had a gun. The excluded evidence, although relevant to the reasonableness of petitioner's fear, was irrelevant to the reasonableness and necessity of his shooting Patterson in the back."

I was surprised that the jury found Mr. Gregg not guilty of premeditated murder. They gave him a jury pardon in their finding of not guilty. As I observed at his sentence hearing, he received what amounted to a jury pardon as to premeditated murder.

The alleged evidence of a nasty disposition on the part of the victim was not particularly recent. The victim was, of course, deceased at the time of trial. He would have had no opportunity to tell his side of any story. This would have been a factor for me to consider had counsel sought to introduce the evidence of the boat ramp incident and the alleged disturbance in the bar in Pierre, S.D. The victim here had never been convicted or even charged in court with any act of violence. He had no reputation for using firearms. There was no evidence that the victim ever threatened any person with a firearm or even carried a firearm. There was no evidence that he had a firearm on the night in question. No firearm was ever found in the trunk of the victim's car.

Attorneys who have practiced criminal law in "my" courtrooms in both Pierre and Aberdeen know and knew that I have never been a fan of Fed.R.Evid. 404(b). I know, of course, that the rule is a rule of inclusion. I know that many trial court judges rather routinely allow such evidence and to allow such evidence is very rarely a matter of error by the trial court. Taking into account Fed.R.Evid. 403 and the other rules of evidence, I have not routinely allowed 404(b) evidence. The government quite often attempts to try a given defendant at least in part on 404(b) evidence. As stated, my practice has been for years to rarely admit such evidence because I believe it often violates Fed.R.Evid. 403. I would have made the same ruling in this case at trial, treating the evidence offered by a defendant in the same manner as I treat evidence offered by the government. Assuming that the alleged past acts of violence by Mr. Fallis are true, they are and were too remote in time, not similar in content, and would or could have resulted in mini trials

3

that could have distracted the jury. Any probative value of such evidence would have been substantially outweighed by dangers of unfair prejudice as to the government and the deceased victim, could have confused the issues and would have constituted a waste of time. Certainly, Mr. Gregg was allowed to present evidence of the character and reputation of Mr. Fallis for being nasty and a person to fear. That would have been quite enough of that evidence under the facts of this case. The question before the jury was what happened on July 3 and 4 of 2004, not what may have taken place five years prior to that.

I also consider and would have considered Fed.R.Evid. 404(a) to the effect that "[Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion . . ." We know, of course, that the exception to this general rule in a criminal case is found at Fed.R.Evid. 404(a)(2) dealing with evidence of a "pertinent trait of character of the alleged victim of the crime offered by the accused . . ." Such evidence was admitted in this trial. We know also that Fed.R.Evid. 405(a) provides: "In all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation or by testimony in the form of an opinion. On cross-examination, inquiry is allowable into relevant specific instances of conduct." This rule was followed at the trial. Fed.R.Evid. 405(b) provides: "In cases in which character or a trait of character of a person is an essential element of a charge, claim, or defense, proof may also be made of specific instances of that person's conduct." Again, of course, nothing is or would have been admissible that flies in the face of Rule 403.

I have great respect for the magistrate judge. He, however, heard only the evidence at a one day hearing. I heard all the evidence at trial and at a rather lengthy sentence hearing. Mr. Gregg apparently testified at the evidentiary hearing before the magistrate judge, *inter alia*, that he "never went actively seeking for him (James Fallis)" and if Gregg "ever ran into Fallis, it was because he come (sic) to me . . . I tried to stay away from him." (See Hearing Transcript, pages 38-39). This testimony is not true. The testimony at trial was that Mr. Gregg did specifically go looking for Mr. Fallis. This took place at approximately 5:00 a.m. after all concerned had been consuming alcohol. Mr. Gregg would and should have returned to his home if he was indeed in mortal fear of Mr. Fallis. He also should have left in his running vehicle after Mr. Fallis was

4

running away on foot from the threat of a firearm being brandished by Mr. Gregg. His latest testimony flies in the face of all common sense.

He also testified (TR. 58) before the magistrate judge that Mr. Fallis "was going to kill me because I was trying to defend myself." This is nonsense. Mr. Fallis had never killed anyone and there was no reasonable basis to think that he would. He also testified that he was "in a dead-end road" and "couldn't back up." He testified that there was "no way I could get out of there." This is absolute nonsense. He was in fact parked in a driveway with plenty of room to retreat. In fact, he did that moments after firing so many times and so accurately toward the fleeing Fallis.

I do not in any way lack confidence in the outcome of the trial of this case. It was a case that could not be defended in the absence of a jury pardon or a successful claim of insanity.

The fact is that there was no logical or possibly believable evidence of self defense. Nor could there be under the facts of this case, even with the jury being permitted to consider other claimed acts of violence by Mr. Fallis.

As I stated earlier on the record during the trial of this case, it has been my practice and belief that, in any case of assault, the government must prove beyond a reasonable doubt that the defendant acted without justification or legal excuse. This includes self defense. The government has often claimed (and perhaps correctly so) that I should not also be giving a self defense instruction but I have done so to safeguard the rights of a defendant. That is the exact reason that I gave a self defense instruction to the jury in this case, requiring the government to prove the lack thereof as an element of the offenses. It was given out of an abundance of caution. It is probably surplusage to instruct the jury as to the obligation of the government to prove beyond a reasonable doubt the lack of justification or legal excuse <u>and</u> that the defendant did not act in self defense. Such surplusage, however, benefits the defendant and not the government.

I fully agree with the holding of the magistrate that it is essential, during this habeas proceeding, for the trial judge to determine whether the evidence that Mr. Gregg claims should have been offered would have been admissible during the original trial. As the magistrate states, he is required to "guess" what might have happened had the evidence been offered. I need to decide that question without guesswork and I am doing so. Acting as the trial judge, the

5

evidence would not have been admitted because of Rule 403, taking into account all the facts in this case.

The motion to vacate, set aside, or correct sentence should be denied. The report and recommendation (Doc. 278) should be adopted to the effect that Mr. Gregg has satisfied the first prong of the Strickland test. It should be rejected to the effect that Mr. Gregg has satisfied the second prong of the Strickland test. The objections (Doc. 283) of the government should be sustained.

In closing, I express the appreciation and the admiration of the court to petitioner's attorneys. They act *pro bono* in the finest traditions of the Bar. Their representation has also been exemplary.

I also express my thanks to the magistrate judge for a carefully considered matter, acting as usual in the finest traditions of the federal judiciary.

Now, therefore,

IT IS ORDERED, as follows:

1) The motion of petitioner under 28 U.S.C. §2255 (Doc. 225) should be and is denied.

2) The report and recommendation (Doc. 281) is adopted to the extent that the first prong of Strickland v. Washington, 466 U.S. 668, 687 (1984), is met, namely that the trial attorney's performance was deficient, falling below professional standards of competence.

3) The report and recommendation to the extent that the deficient performance prejudiced the defense is rejected.

4) The objections of the government (Doc. 283) are sustained.

Dated this 30th day of July, 2010.

BY THE COURT:

*Charles B. Kornmann*
CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: *Barbara J. Papke*
DEPUTY
(SEAL)

6